Michael A. Jurado (Cal Bar. No. 352707)
WILNER & O'REILLY, APLC
3200 Center Park Dr. Suite 700
Costa Mesa, CA 92626
Telephone: 714.919.8880
Facsimile: 714.919. 8881
Email: mjurado@wilneroreilly.com

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KY LY CHIN<br><br>PETITIONER,<br><br>vs.<br><br>MARKWAYNE MULLIN, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, ATTORNEY GENERAL; DAVID VENTURELLA, EXECUTIVE ASSOCIATE DIRECTOR OF ICE ENFORCEMENT AND REMOVAL OPERATIONS (ERO); ERNESTO SANTACRUZ JR., ACTING DIRECTOR, LOS ANGELES FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; AND FERETI SEMAIA, WARDEN, ADELANTO DETENTION CENTER.<br><br>RESPONDENTS. | Case No.:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Hon.<br>United States District Judge<br><br>Date Of Hearing:<br>Time Of Hearing: |

## INTRODUCTION

1. Petitioner Ki Ly Chin (A#025-343-629) brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge her unlawful re-detention by U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center. Ms. Chin is a 47-year-old native and citizen of Cambodia who has resided in the United States continuously since 1979, when she arrived as a one-year-old refugee. Her only criminal history — a 2001 conviction under California Health and Safety Code §§ 11378 and 11550(a) — was the sole basis for a 2004 final order of removal. She has since complied without incident with every condition of an Order of Supervision for many years, including annual check-ins with ICE.

2. On September 24, 2025, the Superior Court of California granted Ms. Chin's unopposed motion to vacate both underlying convictions pursuant to California Penal Code § 1473.7(a)(1), finding them constitutionally invalid. Because those convictions were the exclusive predicate for her removability, her 2004 removal order is now without lawful factual or legal support. Undersigned counsel timely filed a sua sponte Motion to Reopen with the Board of Immigration Appeals ("BIA") on October 7, 2025, which remains pending, and has since supplemented that motion with intervening Ninth Circuit authority directly addressing the timeliness of Ms. Chin's claim.

3. Notwithstanding this pending, colorable, and unopposed-predicate motion, and notwithstanding the BIA's own representation that it would expedite adjudication, the BIA denied a stay of removal on or about August 25, 2026, and ICE re-detained Ms. Chin on August 27, 2026 — the third time ICE has sought to detain her on the strength of this same, now-void 2004 order. Respondents have secured travel documents and a

removal flight, placing Ms. Chin at imminent risk of deportation to a country whose courts have never adjudicated — and now cannot lawfully adjudicate on the existing record — the offense underlying her order of removal.

4. Respondents' re-detention of Ms. Chin violates 8 C.F.R. § 241.13(i), which required Respondents to provide her written notice of the specific reasons for this re-detention and a prompt opportunity to contest it; violates the Due Process Clause of the Fifth Amendment, which requires a hearing before a neutral arbiter before Respondents may re-detain a noncitizen who has complied with supervision for years; and is arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), because it rests on convictions a state court has already declared void.

5. To prevent Ms. Chin's imminent, unlawful removal and secure her release from custody, Ms. Chin respectfully requests that this Court issue an Order to Show Cause, grant a temporary restraining order barring her removal pending resolution of this petition, and ultimately issue a writ of habeas corpus directing her release.

## STATEMENT OF FACTS

6. Petitioner Ki Ly Chin ("Petitioner") is a 47-year-old native and citizen of Cambodia. She entered the United States as a refugee in 1979 at the age of one and has resided here continuously for over four decades.

7. On June 7, 2001, Petitioner pleaded guilty to a violation of California Health and Safety Code §§ 11378 and 11550(a). These were her only criminal offenses, and she has not reoffended in the twenty-five years since.

8. Because no relief was available to her in immigration court on the record as it then stood, Petitioner was ordered removed to Cambodia in 2004. Because Cambodia would not

accept her return, she was released under an Order of Supervision and has since been required to report to ICE on a regular basis, which she has done without fail.

9. On or about August 14, 2025, at a regular annual check-in and despite no criminal violations since 2001, Petitioner was detained in violation of the class action settlement in *Chhoeun v. Marin*, 306 F. Supp. 3d 1147 (C.D. Cal. 2018). Respondents admitted this violation and released Petitioner from custody on September 19, 2025.

10. During that period of custody, Petitioner retained criminal defense counsel, who determined that Petitioner had not been properly advised of the immigration consequences of her 2001 plea. On September 24, 2025, the Superior Court of California agreed and granted Petitioner's unopposed motion to vacate both convictions under California Penal Code § 1473.7(a)(1), finding them constitutionally invalid. As a result, Petitioner's 2004 removal order is without lawful factual or legal support.

11. On October 7, 2025, undersigned counsel filed a sua sponte Motion to Reopen removal proceedings with the BIA, together with a request for a stay of removal, based on the vacatur. That motion remains pending. On or about September 29, 2025, notwithstanding the pending motion, Respondents issued Petitioner a Notice of Re-Detention ordering her to appear on October 21, 2025 and fitted her with an ankle monitor. Petitioner filed an ex parte application for a temporary restraining order on October 17, 2025, Ki Ly Chin v. Noem, No. 8:25-cv-02359-MWF(DFMx) (C.D. Cal.), which this Court granted on October 20, 2025 together with an order to show cause why a preliminary injunction should issue. Following briefing and an October 30, 2025 hearing, the Court dissolved the temporary restraining order and denied Petitioner's request for a preliminary injunction. Separately, on October 24, 2025, Petitioner filed a petition for writ of habeas

corpus under 28 U.S.C. § 2241, Ki Ly Chin v. Noem, No. 8:25-cv-02409-MWF(DFMx) (C.D. Cal.) that was not adjudicated.

12. Petitioner is a member of the certified class in *Chhoeun v. Quinones*, No. 17-1898 (C.D. Cal.), which requires ICE to provide Cambodian nationals with final orders of removal a one-time informational notice regarding their legal options before re-detention. Petitioner received that notice on or about July 24, 2026. Class counsel has confirmed that this notice satisfied Respondents' obligations under the Chhoeun settlement, and Petitioner does not allege a Chhoeun notice violation in this petition.

13. On or about August 25, 2026, the BIA denied Petitioner's request for a stay of removal, though counsel has been advised the BIA intends to expedite adjudication of the underlying Motion to Reopen. On August 26, 2026, ICE re-detained Petitioner and transported her to the Adelanto ICE Processing Center. To undersigned counsel's knowledge, Respondents have not provided Petitioner any written statement of the specific reasons for this re-detention beyond the July 24, 2026 Chhoeun notice, and no post-detention interview under 8 C.F.R. § 241.13(i)(3) has occurred or been offered to Petitioner at any point since her August 26, 2026, detention.

14. On August 27, 2026, undersigned counsel supplemented the pending Motion to Reopen with intervening Ninth Circuit authority — *Eskilian v. Bondi*, 172 F.4th 682 (9th Cir. 2026), and *Luong v. Blanche*, No. 25-3651 (9th Cir. June 8, 2026) — addressing equitable tolling and the due diligence standard applicable to functionally stateless individuals, directly supporting the timeliness of Petitioner's motion notwithstanding the general 90-day filing deadline.

15. Approximately one month before this re-detention, in or about July 2026, Petitioner was made to attend an interview with Cambodian consular officials in connection with Respondents' efforts to obtain travel documents for her removal. That consular interview did not involve, and cannot substitute for, the post-detention interview 8 C.F.R. § 241.13(i)(3) requires ICE itself to conduct after re-detention, affording Petitioner an opportunity to contest the reasons for her re-detention — it occurred before Petitioner was re-detained, was conducted by a foreign government for a different purpose, and gave Petitioner no opportunity to contest anything regarding her custody status.

16. Petitioner's supervising deportation officer advised undersigned counsel, in-person at the Santa Ana ICE Office, on August 26, 2026 that travel documents for Petitioner's removal to Cambodia have been secured and that a removal flight is in place.

17. This is the third occasion since the September 24, 2025 vacatur order on which Respondents have sought to detain Petitioner for execution of the same 2004 removal order — an order that rests entirely on convictions a state court has already found constitutionally invalid.

## JURISDICTION

18. This action arises under the Constitution of the United States and the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq.

19. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause). Jurisdiction also lies under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

20. Petitioner is in ICE custody within the meaning of § 2241 because she is presently and physically detained at the Adelanto ICE Processing Center within this District.

**VENUE**

21. Venue lies in this District under 28 U.S.C. § 2241(d) and *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), because Petitioner is presently detained at the Adelanto ICE Processing Center, located within the Eastern Division of the Central District of California.

**REQUIREMENTS OF 28 U.S.C. § 2243**

22. The Court must grant this petition or issue an order to show cause "forthwith" unless Petitioner is not entitled to relief. 28 U.S.C. § 2243. Habeas corpus is the traditional remedy to test the legality of a person's detention or restraint. See Fay v. Noia, 372 U.S. 391, 400 (1963).

**PARTIES**

23. Petitioner Ki Ly Chin is presently detained at the Adelanto ICE Processing Center in Adelanto, California.

24. Respondent Fereti Semaia is the Warden of the Adelanto ICE Processing Center and has immediate physical custody of Petitioner. He is Petitioner's immediate custodian.

25. Respondent Ernesto Santacruz Jr. is the Acting Field Office Director of ICE Enforcement and Removal Operations with authority over Petitioner's detention and removal.

26. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement and oversees implementation of ICE detention and removal policy nationwide.

27. Respondent Todd Blanche is the Attorney General of the United States and oversees the Executive Office for Immigration Review, including the BIA.

28. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security, responsible for enforcement of the INA through ICE.

## ARGUMENT AND LEGAL AUTHORITIES

### A. Respondents' Re-Detention of Petitioner Violates 8 C.F.R. § 241.13(i)

29. Under the Accardi doctrine, an agency must follow its own regulations, particularly where fundamental liberty interests are at stake. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). 8 C.F.R. § 241.13(i) governs re-detention of noncitizens, like Petitioner, who were previously released because their removal was not significantly likely in the reasonably foreseeable future. The regulation requires that Respondents (1) have a proper basis for re-detention — either a violation of release conditions or changed circumstances establishing a significant likelihood of removal — (2) notify the noncitizen of the specific reasons for re-detention, and (3) conduct a prompt post-detention interview affording the noncitizen an opportunity to contest those reasons. 8 C.F.R. § 241.13(i)(1)–(3).

30. Petitioner has not violated any condition of her release. Respondents' sole apparent basis for re-detention is the assertion, conveyed informally by telephone to counsel rather than in the written notice the regulation requires, that travel documents and a removal flight have been secured. But Respondents have provided no written notice specific to this re-detention stating that basis to Petitioner herself, as the regulation requires — the only written notice Petitioner has received is the July 24, 2026 Chhoeun settlement notice, which by its own terms does not purport to state reasons for any particular re-detention and expressly disclaims signaling that detention is imminent. Courts have repeatedly held that such generic or after-the-fact justifications do not satisfy § 241.13(i)(3). See *Roble v.*

*Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025); *Sun v. Noem*, No. 3:25-cv-02433-CAB-MMP, 2025 WL 2800037, at *2 (S.D. Cal. Sept. 30, 2025).

31. Nor have Respondents provided Petitioner any post-detention interview at all since her August 27, 2026 detention — let alone a prompt one. The consular interview Petitioner attended in July 2026, discussed supra ¶ 15, was conducted by the Cambodian government in connection with travel-document processing before her re-detention; it did not afford Petitioner any opportunity to contest Respondents' basis for detaining her and cannot satisfy § 241.13(i)(3). See *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *6 (S.D. Cal. Oct. 10, 2025) (interview six weeks after re-detention not "prompt"); *Soryadvongsa v. Noem*, No. 25-cv-2663-AGS-DDL, 2025 WL 3126821, at *3 (S.D. Cal. Nov. 8, 2025) (twenty-nine days too long). This failure alone is sufficient grounds for release. See *Phan v. Noem*, No. 3:25-cv-02422-RBM-MSB, 2025 WL 2898977 (S.D. Cal. Oct. 10, 2025).

32. That Respondents have secured a travel document and flight does not cure these violations. A regulatory violation warrants release even where a travel document has been secured, where Respondents cannot show that, at the time of re-detention, they had reason to believe removal was significantly likely and where the required notice and interview were not provided. *Saephanh v. Andrews*, No. 1:25-cv-01668-DAD-SCR, 2025 WL 3467791, at *3 (E.D. Cal. Dec. 3, 2025); *Phetsadakone v. Scott,* No. 2:25-cv-01678-JNW, 2025 WL 2579569, at *4 (W.D. Wash. Sept. 5, 2025). That is especially true here, where the only conviction underlying Petitioner's removal order has been judicially vacated and the BIA has yet to rule on whether that order retains any legal effect at all.

**B. Due Process Requires a Hearing Before a Neutral Arbiter Before Re-Detention**

33. "The government's discretion to incarcerate noncitizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). Due process requires, at minimum, notice and an opportunity to be heard before the government may deprive a person of liberty. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

34. Multiple district courts within this Circuit have held that individuals with final orders of removal who have complied with supervised release for years are entitled to a hearing before a neutral arbiter, at which the government must prove that re-detention is warranted, before ICE may re-detain them. See *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025); *Phouvieng v. Andrews*, No. 1:25-cv-01512-KES-SAB, 2025 WL 3265504 (E.D. Cal. Nov. 24, 2025); *Khan v. Noem*, No. 25-cv-01411-EPG-HC, 2025 WL 3089352, at *4–5 (E.D. Cal. Nov. 5, 2025).

35. Petitioner's circumstances present an especially compelling case for this process: she has complied with the terms of her supervision for years, the sole conviction underlying her removal order has been judicially vacated, and a colorable motion to reopen — which Petitioner's ICE Officer informed undersigned that the BIA will expedite — remains pending. Absent a hearing at which Respondents are required to justify continued detention on this record, Petitioner faces removal to Cambodia on the strength of a removal order that rests on no valid conviction whatsoever.

**C. Continued Detention Is Not Authorized Under 8 U.S.C. § 1231(a)(6) and Zadvydas v. Davis**

36. In the alternative, Petitioner's detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because removal is not significantly likely in the reasonably foreseeable

future in any legally cognizable sense. Although Respondents represent that travel documents and a flight have been secured, the order those travel arrangements are meant to execute rests entirely on convictions a state court has already vacated as constitutionally invalid, and the BIA has not yet ruled on the pending Motion to Reopen challenging the order's continued validity. "Significant likelihood of removal" cannot be established by administrative readiness to execute an order whose legal foundation no longer exists. See *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

**D. D. Respondents' Re-Detention of Petitioner Is Arbitrary and Capricious Under the APA**

37. The Administrative Procedure Act, 5 U.S.C. § 706(2)(A), authorizes courts to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Respondents' decision to re-detain Petitioner for execution of a removal order resting on vacated convictions, while a colorable and unopposed-predicate motion to reopen remains pending before the agency's own appellate tribunal, is arbitrary and capricious.

**CLAIMS FOR RELIEF**

**<u>COUNT ONE</u>: Violation of 8 C.F.R. § 241.13(i)**

38. Paragraphs 1 through 36 are incorporated by reference as though fully set forth herein.

39. Respondents' re-detention of Petitioner without the notice and prompt interview required by 8 C.F.R. § 241.13(i) violates the Accardi doctrine and warrants her release.

**<u>COUNT TWO</u>: Violation of the Fifth Amendment Right to Due Process**

40. Petitioner re-alleges and incorporates the foregoing paragraphs.

41. By re-detaining Petitioner without a hearing before a neutral arbiter, Respondents seek to deprive her of liberty without due process of law, in violation of the Fifth Amendment.

**<u>COUNT THREE</u>: Continued Detention Not Authorized Under 8 U.S.C. § 1231(a)(6)**

42. Petitioner re-alleges and incorporates the foregoing paragraphs.

43. Petitioner's continued detention is not authorized under 8 U.S.C. § 1231(a)(6) because removal is not significantly likely in the reasonably foreseeable future in any legally cognizable sense, given the vacatur of the predicate convictions and the pending Motion to Reopen.

**<u>COUNT FOUR</u>: Violation of the Administrative Procedure Act (5 U.S.C. § 706(2)(A))**

44. Petitioner re-alleges and incorporates the foregoing paragraphs.

45. Respondents' re-detention of Petitioner for execution of a removal order resting on vacated convictions constitutes arbitrary and capricious agency action, contrary to the APA and the INA.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to:

1. Issue an Order to Show Cause requiring Respondents to justify Petitioner's continued detention;
2. Grant a temporary restraining order and/or preliminary injunction barring Petitioner's removal pending resolution of this petition and her pending Motion to Reopen or, in the alternative, enjoining Respondents from transferring Petitioner outside the jurisdiction of this Court pending such resolution;
3. Declare that Respondents' actions violate 8 C.F.R. § 241.13(i), the Fifth Amendment, 8 U.S.C. § 1231(a)(6), and the Administrative Procedure Act;
4. Issue a Writ of Habeas Corpus directing Petitioner's release from custody;

5. Award Petitioner her reasonable attorney's fees and costs under the Equal Access to Justice Act; and

6. Grant such other and further relief as this Court deems just and proper.

Dated: August 27, 2026

Respectfully submitted,

/*s/Michael A. Jurado*

Michael A. Jurado
WILNER & O'REILLY, APLC
Attorney for Petitioner – Ki Ly Chin

**Exhibit A: Proof of Detention in Adelanto**

**VERIFICATION BY ATTORNEY ACTING ON MS. CHIN'S BEHALF PURSUANT TO 28 U.S.C. §§ 2242**

I am submitting this verification on behalf of Ms. Chin because I am her attorney. As Petitioner's attorney, I hereby verify that the factual statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Executed on August 27, 2026, at Costa Mesa, California.

*/s/Michael A. Jurado*

Michael A. Jurado
WILNER & O'REILLY, APLC
Attorney for Petitioner – Ky Ly Chin