**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| KY LY CHIN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | Case No. 5:26-CV-04942-DFM<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. 1) |

## I. INTRODUCTION

Petitioner Ki Ly Chin is detained under a 2004 final order of removal to Cambodia. She petitions for a writ of habeas corpus under 28 U.S.C. § 2241, contending that Respondents' revocation of her order of supervision violated 8 C.F.R. § 241.13(i) and the Due Process Clause, that her continued detention is not authorized under 8 U.S.C. § 1231(a)(6) and Zadvydas v. Davis, 533 U.S. 678 (2001), and that the revocation was arbitrary and capricious under the Administrative Procedure Act. See Dkt. 1 ("Petition"). Respondents answered on September 3, 2026. See Dkt. 15 ("Answer"). The Court denied Petitioner's ex parte application for a temporary restraining order on September 4, 2026, and vacated the interim restraint on transfer and removal. See Dkt. 16. Petitioner filed no reply.

For the reasons set forth below, the Petition is **DENIED**.

## II. BACKGROUND

Petitioner is a native and citizen of Cambodia; Respondents' records reflect that she was admitted to the United States as the child of a refugee on May 25, 1982. See Answer, Ex. 5 ("Form I-213"). In 2001, she was convicted in California of a controlled-substance offense under Health and Safety Code section 11378. See id.; Petition ¶ 1. An immigration judge ("IJ") ordered her removed to Cambodia on June 3, 2004, and the Board of Immigration Appeals ("BIA") dismissed her appeal that September. See Answer, Ex. 1; Form I-213. She was not removed. She was released on an order of supervision and reported to Immigration and Customs Enforcement ("ICE"). See Petition ¶ 8. ICE arrested her in August 2025; she was re-released on an order of supervision on or about September 19, 2025. See id. ¶ 9; Answer, Ex. 6 ("Revocation Notice").[1]

On September 24, 2025, the Superior Court of California granted Petitioner's unopposed motion to vacate the conviction or convictions

[1] The background of Petitioner's August 2025 arrest and September 2025 release are detailed in an order issued in Petitioner's prior proceeding:

> On August 14, 2025, Ms. Chin was taken into custody without notice and held at the Adelanto Detention Center. After being held for over a month, Ms. Chin was released on September 19, 2025, after it was discovered that she was a class member in the district court case Chhoeun v. Marin, 17-cv-01898-JWF-GJS, and subject to the Judgement and Permanent Injunction entered in that case. A copy of the Permanent Injunction attached to the Application states that Class Members, who are Cambodian citizens with removal orders, may only be re-detained for deportation after being provided with a notice at least 14 days in advance of re-detention.

Chin v. Noem, Case No. 8:25-02359-MWF (DFMx), Dkt. 11 at 2 (C.D. Cal. Oct. 20, 2025) (record citations omitted).

underlying her removal order. See Petition ¶ 10. Petitioner's motion to reopen, filed with the BIA on that basis, remains pending. See id. ¶ 36. The government of Cambodia issued a travel document valid through December 22, 2026. See Answer, Ex. 2 ("Travel Document"). On July 24, 2026, ICE gave Petitioner written notice under the settlement in Chhoeun v. Quinonez, No. 8:17-cv-01898 (C.D. Cal.), that it intended to re-detain her no earlier than fourteen (14) days later. See id., Ex. 3.

The BIA denied Petitioner's request for a stay of removal on August 25, 2026. See id., Ex. 4. The next day, ICE detained her when she reported for a scheduled check-in and served her with a warrant of arrest, an ICE Form 71-091 Notice of Revocation of Release, and an ICE Form 71-090 Alien Informal Interview Upon Revocation of Order of Supervision Under 8 C.F.R. § 241.4(l); 8 C.F.R. § 241.13(i). See Revocation Notice. The Revocation Notice, signed by an Assistant Field Office Director, states that Petitioner's release is revoked under 8 C.F.R. § 241.13(i); that changed circumstances establish a significant likelihood of removal in the reasonably foreseeable future; and that ICE has obtained a travel document and scheduled removal to occur no later than December 22, 2026. See id. It gave notice of an informal interview to be held that same day. See id. The accompanying Form 71-090, signed by an interviewing officer, records that the interview was conducted and that Petitioner provided neither a written statement nor documents. See id.

Petitioner filed the instant Petition on August 27, 2026, while confined at the Adelanto ICE Processing Center On August 31, 2026, ICE served her with notice that she was scheduled for transfer outside this District on or after September 5, 2026, to effectuate her removal. See Dkt. 10-1. Notwithstanding that notice, Petitioner appears to be detained at the Adelanto ICE Processing Center. See https://locator.ice.gov/odls/#/search (Search for A# 025343629, Country of Birth: Cambodia) (last accessed September 22, 2026).

## III. DISCUSSION

A district court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 remains available as a forum for statutory and constitutional challenges to detention after the removal period has expired. See Zadvydas, 533 U.S. at 688.

### A. Jurisdiction

The Court has jurisdiction over Petitioner's detention claims. She was confined at the Adelanto ICE Processing Center, within this District, when she filed the Petition, and she named the warden of that facility as a respondent. See Petition ¶¶ 1, 24. Those are the requirements for a core habeas challenge to present physical confinement. See Doe v. Garland, 109 F.4th 1188, 1193, 1198 (9th Cir. 2024) (setting forth district-of-confinement and immediate-custodian rules). Any subsequent transfer does not alter the analysis, because "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990) (citation omitted).

As the Court explained in denying Petitioner's ex parte application, 8 U.S.C. § 1252(g) deprives the Court of jurisdiction over any claim seeking to enjoin execution of Petitioner's removal order, and §§ 1252(a)(5) and 1252(b)(9) channel any challenge to the removal order itself into a petition for review. See Dkt. 16 at 4-6. Those provisions do not bar Petitioner's challenges to the lawfulness of her custody. See Jennings v. Rodriguez, 583 U.S. 281 (2018). Petitioner disclaims any collateral attack on her removal order. See Dkt. 13 ¶ 5. The Court accordingly considers only whether her detention is unlawful.

**B. Revocation Under 8 C.F.R. § 241.13(i)**

The agency "may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Upon revocation, "the alien will be notified of the reasons for revocation," and the agency "will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." Id. § 241.13(i)(3). The non-citizen may submit evidence that removal is not significantly likely or that she has not violated the order of supervision, and "[t]he revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." Id.

Petitioner alleges that Respondents gave no statement of the specific reasons for her re-detention beyond the July 2026 Chhoeun notice and that no post-detention interview occurred or was offered. See Petition ¶¶ 13, 31. The record establishes otherwise.

The Revocation Notice is a written statement, served the day of Petitioner's re-detention, that identifies the regulatory basis for revocation and the changed circumstance: a travel document obtained and removal scheduled. The Travel Document corroborates that account. The regulation requires that the alien "be notified" of the reasons for revocation but prescribes no particular form, and the notice Respondents gave satisfies it.

The Form 71-090 records that an informal interview was conducted the same day and that Petitioner submitted neither a written statement nor documents. The space for her oral response is blank. That exhibit was filed with the Answer and Petitioner filed no reply addressing it. On this record, the

Court finds that Respondents notified Petitioner of the reasons for the revocation of her release and afforded her a prompt informal interview.

The record does not contain a separate document reflecting a revocation custody review. But the regulation does not necessarily make that review a step distinct from the informal interview, does not identify who must conduct it, does not require that the resulting determination be reduced to writing or served on the noncitizen, and prescribes no deadline. The Revocation Notice reflects a determination by an Assistant Field Office Director that changed circumstances warranted revocation. Petitioner, who bears the burden of establishing that her detention is unlawful, has neither raised the custody-review requirement nor offered any basis to find it unmet.

Petitioner has not established a violation of 8 C.F.R. § 241.13(i).

**C. Due Process**

The Due Process Clause protects a person's interest in conditional liberty once she has been released. In Morrissey v. Brewer, 408 U.S. 471, 482 (1972), the Supreme Court held that such liberty "is valuable and must be seen as within the protection of" the Clause and that its termination "calls for some orderly process." Petitioner, released on an order of supervision and compliant with its conditions, has a protected interest in her continued release.

What process was due is assessed under Mathews v. Eldridge, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

The private interest is substantial. Petitioner had been at liberty under supervision for the year preceding her re-detention and for years before her

2025 detention. The Government's interest is likewise substantial: executing final removal orders, and doing so without procedures that impede execution once travel documents and transportation are secured.

The second factor does not favor Petitioner on this record. The procedure set out in §241.13(i) is conducted within the agency. No neutral decisionmaker reviews the determination, and no IJ has custody jurisdiction once a removal order is final. But the risk of error must be measured against the determination actually made. ICE had obtained a travel document and scheduled removal, neither of which are contestable or in dispute. The probable value of an additional neutral hearing is therefore low, because the fact justifying revocation is not in dispute.

Petitioner cites Hernandez v. Sessions, 872 F.3d 976 (9th Cir. 2017), which affirmed a class-wide injunction requiring immigration officials setting bond under 8 U.S.C. § 1226(a) to consider financial ability and alternative conditions of release. It does not address revocation of an order of supervision, detention under section 1231, or the process due before re-detention.

Weighing the Mathews factors, the process Petitioner received satisfied due process.

### D. Section 1231(a)(6) and *Zadvydas*

Because Petitioner's removal order is final and the removal period has expired, her detention is governed by 8 U.S.C. § 1231(a)(6), which permits but does not require continued detention. Zadvydas construed that provision "in light of the Constitution's demands" to permit detention only for "a period reasonably necessary to bring about [the] alien's removal." 533 U.S. at 689-90. Six months is "presumptively reasonable"; after that period, once the noncitizen gives good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must rebut that showing or release her. See id. at 701.

Petitioner's Zadvydas claim fails. Removal appears to be imminent, as a travel document valid through December 2026 has issued and a charter flight was scheduled for earlier this month. Petitioner cannot show that removal is not significantly likely in the reasonably foreseeable future when the record establishes that it is in progress. She argues that removal is not likely "in any legally cognizable sense" because the underlying conviction was vacated and the motion to reopen is pending. See Petition ¶ 36.[2] But that goes to the legal validity of the removal order rather than the prospect of effectuating it, and Zadvydas looks at the latter.

Petitioner's detention does not violate section 1231(a)(6) or Zadvydas. Because that conclusion rests on the circumstances presently before the Court, the denial of this claim is without prejudice to a future petition should Petitioner's detention become prolonged and the prospect of her removal materially change.

**E. The Administrative Procedure Act and Remaining Requests**

The Petition alleges that the revocation of Petitioner's release was arbitrary, capricious, and not in accordance with law under 5 U.S.C. § 706(2)(A). See Petition ¶¶ 44-45. This claim rises and falls with her regulatory claim. Because Respondents complied with the regulation governing revocation of an order of supervision, the revocation was not arbitrary, capricious, or contrary to law. To the extent the claim instead challenges the validity of the removal order, it is channeled into a petition for review under 8 U.S.C. §§ 1252(a)(5) and (b)(9) and is not properly before this Court.

---

[2] If removed, Petitioner may continue to pursue her motion to reopen. See Rauda v. Jennings, 55 F.4th 773, 780 (9th Cir. 2022) (stating that "an alien's presence in the United States is not required for adjudication of the motion to reopen to take place.").

The Petition requests declaratory relief and an award of fees under the Equal Access to Justice Act. See Petition at 11-12. The request for declaratory relief fails with the claims on which it depends. Because the Petition is denied, Petitioner is not a prevailing party and is not entitled to fees. See 28 U.S.C. § 2412(d)(1)(A).

## IV. ORDER

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The denial of Petitioner's claim under 8 U.S.C. § 1231(a)(6) and Zadvydas is without prejudice as set forth above. The Petition is otherwise denied with prejudice.

Date: September 22, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge